IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**AUGUSTINE RODRIGUEZ, pro se,**

      **Petitioner,**

vs.                                                                      No. CIV 15-00978 WJ/KBM

**STATE OF NEW MEXICO,**
**DEPARTMENT OF CORRECTIONS,**
**WARDEN MARY CHRISTENSEN,**
**CAPTAIN CASTILLO,**

      **Respondents.**


**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

      THIS MATTER is before the Court, *sua sponte* under 28 U.S.C. § 2243, 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Augustine Rodriguez's Motion for Stay/Temporary Halt to Deportation Due to Tort Suit for Civil Rights Violations Legal Proceedings (Doc. 1) filed October 28, 2015, which the Court will construe as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Also before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 10). The Court will grant the Application to Proceed in forma pauperis and dismiss this action for failure to state a claim upon which relief can be granted.

      Petitioner is a Mexican National incarcerated at the Springer Correctional Facility in Springer, New Mexico, and is proceeding pro se. He is also the plaintiff in a civil tort action pending in the Fifth Judicial District Court, County of Chaves, State of New Mexico, Cause No. CV 2015-201, alleging respiratory problems following a fire when he was incarcerated at the

1

Roswell Correctional Center. (Doc. 1). Petitioner's Motion does not challenge the legality of his incarceration or allege any violation of the Constitution, laws, or treaties of the United States but, instead, seeks only to stay his deportation pending completion of the state court civil proceeding.

Petitioner seeks to have this Court stay his deportation. A prisoner in state custody may seek a stay of deportation in a district court. However, the exclusive avenue for relief from the district court is by way of a writ of habeas corpus under 28 U.S.C. § 2241. See *Butros v. Immigration and Naturalization Service,* 804 F.Supp. 1336, 1339 (D. Or. 1991). Although titled Motion for Stay, the Court will construe Petitioner's filing as a petition for writ of habeas corpus pursuant to § 2241. See *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (pro se filings are to be liberally construed).

The Court has the discretion to dismiss an in forma pauperis petition *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Petitioner's filings, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *Northington*, 973 F.2d at 1520-21.

A proceeding under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody and the traditional function is to secure release from illegal custody.

*Preiser, Correction Commissioner v. Rodriguez,* 411 U.S. 475, 484 (1973). Section 2241(c)(3) provides, in pertinent part, that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. To obtain a stay of deportation under § 2241, then, the Petitioner must raise a non-frivolous constitutional issue challenging the legality of the deportation. *Butros*, 804 F.Supp. at 1339 (citing *Blancada v. Turnage,* 891 F.2d 688, 690 (9th Cir. 1989).

Petitioner's request for a stay of deportation pending resolution of a tort action pending in state court does not allege or raise any issue under the Constitution, laws, or treaties of the United States. Although the INS may grant such a stay, it is not within the Court's § 2241 habeas corpus jurisdiction. 28 U.S.C. § 2241(c)(3). Therefore, Petitioner's Motion for Stay clearly fails to state any claim upon which relief can be granted by this Court. *Hall,* 935 F.2d at 1109.

Allowing Petitioner an opportunity to amend would be futile in this case. There is no constitutional right to a stay of deportation due to pending civil litigation. See, *Butros,* 804 F.Supp. at 1340 (granting of a stay for pending civil litigation is discretionary). Therefore, Petitioner cannot raise an issue within the Court's habeas corpus jurisdiction and the Court will dismiss without an opportunity to amend. *Hall,* 935 F.2d at 1109.

The Court determines that Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will deny a certificate of appealability under 28 U.S.C. § 2253(c)(2).

IT IS ORDERED that Petitioner Augustine Rodriguez's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10) is granted, Petitioner's Motion for Stay/Temporary Halt to Deportation Due to Tort Suit for Civil Rights Violations Legal

Proceedings (Doc. 1) is DISMISSED for failure to state a claim upon which relief can be granted, a certificate of appealability is DENIED, and judgment will be entered.

 

_____
UNITED STATES DISTRICT JUDGE